UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

REBECCA M. SNOW, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED

CIVIL ACTION

VERSUS

NO. 15-567-SDD-RLB

MARILYN M. LAMBERT, IN HER
OFFICIAL CAPACITY AS JUDGE
OF ASCENSION PARISH COURT,
AND JEFFREY F. WILEY, IN HIS
OFFICIAL CAPACITY AS ASCENSION
PARISH SHERIFF

**RULING AND ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff, Rebecca M. Snow ("Snow"), is an indigent person, charged with two misdemeanors violations[1] in Ascension Parish. Plaintiff has been detained in the Ascension Parish Jail since her arrest on misdemeanor charges on August 24, 2015. Plaintiff has filed a Class Action lawsuit on behalf of herself and other similarly situated persons alleging that her Due Process and Equal Protection rights guaranteed by the Fourteenth Amendment have been violated by the Defendants' post-arrest detention policies and practices. Before the Court is Snow's *Motion for Temporary Restraining Order and Preliminary Injunction Against Defendant Wiley.*[2] For the following reasons, the Court will grant in part and deny in part Snow's *Motion for Temporary Restraining Order*.

A temporary restraining order "is an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of persuasion."[3]

---

[1] Rec. Doc. 1, Theft of property valued less than $500 and Entry or Remaining in Places or Land after Being Forbidden.
[2] Rec. Doc. 4.
[3] *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009)(quotations omitted).

1

The purpose of a temporary restraining order is to "preserve the status quo and prevent irreparable harm just so long as is necessary to hold a hearing, and no longer."[4] A temporary restraining order may be issued without notice only if both of the following requirements are satisfied:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.[5]

The movant seeking injunctive relief "must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order … can be granted."[6] These four elements are "(1) a substantial likelihood that the movant will prevail on the merits, (2) there is a substantial threat that irreparable harm will result if the injunction is not granted, (3) the threatened injury outweighs the threatened harm to the defendant, and (4) the granting of the preliminary injunction will not disserve the public interest."[7]

After reviewing the record, the Court finds that Plaintiff has satisfied the procedural requirements of Rule 65(b) for the issuance of a temporary restraining order without notice. Specific facts in Ms. Snow's verified *Complaint* evidence immediate and irreparable injury, namely continued detention without prior meaningful review or

---

[4] *RW Development, LLC v. Cuningham Group Architecture, Inc.*, 2012 WL 3258782, at *2 (S.D.Miss. Aug. 8, 2012)(citing *Granny Goose Food, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974); *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974)).
[5] Fed.R.Civ.P. 65(b)(1)(A)-(B).
[6] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).
[7] *Id.*

assessment of appropriate bond conditions in violation of Louisiana Code of Criminal Procedure Articles 321, 334 and 325, which detention implicates individual liberty interests secured by the United States Constitution. Additionally, Ms. Snow's attorneys have certified their efforts of providing notice to the Defendant Wiley, and have provided sufficient reasons as to why notice should not be required.

The Court further finds that Ms. Snow has satisfied each of the four elements necessary for a temporary restraining order. First, based upon the allegations in her verified *Complaint*, the evidence offered in support of her motion, and Louisiana's Criminal Code of Procedure articles controlling bond,[8] the Court finds that there is a substantial likelihood that Snow's claims will succeed on the merits. Article 334 of the Louisiana Code of Criminal Procedure sets forth ten factors that a "court, commissioner, or magistrate" must consider when determining bail, including the financial ability of the defendant to give bail. Based on Snow's verified *Complaint*, she is indigent and unable to pay the fixed bail established by the Ascension Parish "Bond Schedule"[9] for misdemeanor offenses. According to the Plaintiff's affidavit and the verified complaint, Snow was denied judicial review of her fixed bail. Additionally, in spite of the five bail options available to arrestees under article 312 of the Louisiana Code of Criminal Procedure, Snow was only afforded two options, either a cash payment of the scheduled bond amount or a secured bond. Snow is indigent, having no assets or real property with which to secure a surety bond. If a temporary restraining order is not entered, Ms. Snow will remain confined in Ascension Parish Prison pending her initial appearance or arraignment as a result of her inability to pay the fixed bond amount.

---

[8] La. C.Cr.P. art. 312; La. C.Cr.P. art. 334; La. C.Cr.P. art. 325; La. C.Cr.P. art. 341.
[9] Rec. Doc. 1-5

Ms. Snow has sufficiently demonstrated that this threat of injury is immediate and irreparable. Third, the alleged injury to Ms. Snow substantially outweighs any injury to Sheriff Wiley. Considering her extreme indigence, Snow poses little appreciable risk of non-appearance in misdemeanor court proceedings and the nature of the pending charges against her are not indicative of any risk to the community.

Finally the public interest will not be disserved by Ms. Snow's immediate release from confinement. The Louisiana Supreme Court has long recognized Louisiana's public policy regarding the requirement of bond:

> "[B]ond must be reasonable. The public policy of the state favors bail, and under modern conditions criminals can be located and returned for trial or for service of sentence much more easily and efficaciously than in former years."
>
> *State v. Jones*, 215 So. 2d 108, 112 (La. 1968) (quoting *State v. Alvarez*, 161 So. 17, 18 (La. 1935)).

Louisiana law provides for five types of bail, including bail with an unsecured personal surety and bail without surety, with or without security.[10] These options were not made available to Snow. Louisiana law also provides that "[a] person in custody may be released by an order of the court on his personal bail undertaking without the necessity of furnishing a surety."[11]

Rule 65(c) instructs that a Court may issue a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.[12] "The Fifth Circuit has acknowledged that the amount of the security is

---

[10] La. C.Cr.P. art. 312 (3), (4).
[11] La. C.Cr.P. art. 325.
[12] Fed.R.Civ.P. 65(c).

within the discretion of the district court, who can elect to impose no security at all."[13] This is an unusual case—it is grounded upon Ms. Snow's indigent status. Therefore, in light of Ms. Snow's indigency, the ability of Sheriff Wiley to secure Snow's future appearance through alternative measures, and the Court's determination that no costs or damages will be incurred by Sheriff Wiley during the pendency of the temporary restraining order, no security bond will be required.

Accordingly, is HEREBY ORDERED that:

1. The *Motion for Temporary Restraining Order* (Rec. Doc. 4) is hereby GRANTED insofar as Sheriff Wiley is ORDERED to release Rebecca M. Snow immediately, either on her own recognizance or subject to an unsecured bond or other reasonable and lawful non-financial conditions.

2. The *Motion for Temporary Restraining Order* (Rec. Doc. 4) is hereby DENIED in all other respects.

3. A hearing to determine whether to convert this temporary restraining order into a preliminary injunction is set for an evidentiary hearing on Tuesday, September 1, 2015 at 9:30am in Courtroom 3.

Baton Rouge, Louisiana, August 27, 2015.

_____
**SHELLY D. DICK, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[13] *New Orleans Home for Incurables, Inc. v. Greenstein*, 911 F.Supp.2d 386, 412-13 (E.D.La. 2012)(citing *City of Atlanta v. Metropolitan Atlanta Rapid Transit Auth.*, 636 F.2d 1084, 1094 (5th Cir. Unit B Feb. 13, 1981)(citing *Corrigan Dispatch Co. v. Casa Guzman*, 569 F.2d 300, 303 (5th Cir. 1978)).